UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARKEISHA ELLIOT, | : | |
| *Petitioner,* | : | Case No. 1:21-cv-43 |
| v. | : | Judge Jeffery P. Hopkins |
| WARDEN, DAYTON CORRECTIONAL INSTITUTION, | : | Chief Magistrate Judge Karen L. Litkovitz |
| *Respondent,* | : | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter is before the Court on the Report and Recommendation ("R&R") issued by Chief Magistrate Judge Karen L. Litkovitz on May 15, 2023 (Doc. 17), which recommends that this Court deny Petitioner Markeisha Elliot's ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition") (Doc. 5). Petitioner later filed her Objection (Doc. 21) to the R&R. After conducting a de novo review pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), this Court **OVERRULES** the Objection (Doc. 21), **ADOPTS** the R&R (Doc. 17), and **DENIES** the Petition (Doc. 5).

**I. BACKGROUND**

The Court of Appeals of Ohio, First Appellate District for Hamilton County made the following binding[1] factual findings on direct appeal:

---

[1] Title 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Because Petitioner Markeisha Elliot has neither cited nor presented any evidence to rebut the Ohio Court of Appeals' factual findings quoted herein, the state appellate court's factual findings are presumed to be correct. *See McAdoo v. Elo*, 365 F.3d 487, 493–94 (6th Cir. 2004).

During an afternoon in May 2017, Tyshara Walker was involved in a physical altercation with an acquaintance after being refused a ride, and she ultimately summoned the police to report the incident. After the altercation, Ms. Walker returned to work and tried to put the matter behind her, but the constant ding of Facebook alerts on her phone distracted her. Like wildfire, word spread about the incident and Ms. Walker's decision to call the police, which attracted the scorn of the Facebook community. Shawnice Johnson chimed in with the mob-like chorus, prompting a Facebook back-and-forth between her and Ms. Walker in which the two eventually agreed to "meet up" that evening, mutually understood to be an agreement to fight.

By the time the two met on the corner of Stanton Avenue and Oak Street, the entire neighborhood appeared aware of the looming fight and eager to witness it. Though disputed whether everyone pulled up in cars with Ms. Walker, or if the crowd was already milling about, by the time Ms. Johnson and Ms. Walker met face-to-face, a crowd had gathered (some members even brandishing makeshift, Walking Dead-esque weapons). Among those present in the crowd was Ms. Walker's older sister, [Petitioner] Markeisha Elliott.

Though initially someone attempted to defuse the situation, the scene quickly devolved into a melee, with Ms. Walker and Ms. Johnson at the epicenter. With punches and kicks flying, the two combatants ultimately tumbled to the ground. Video footage captured on cellphones from that evening reveals that it was then that Ms. Elliott, sitting on the sidelines until this point, advanced over to where her sister and Ms. Johnson wrestled on the ground. She approached the two with a small, pointed object in hand, which Ms. Elliott later acknowledged was a knife. Ms. Elliott then bent over and made a thrusting movement with the hand holding the knife in the direction of Ms. Johnson. In the wake of that blow, Ms. Johnson stumbled to her feet, clutching her neck. The crowd quickly dispersed as the severity of Ms. Johnson's wounds became apparent. Though rushed to the hospital, the knife had punctured Ms. Johnson's left carotid artery; she eventually lost consciousness and later died. After a police investigation, Ms. Elliott was indicted and tried for murder, two counts of felonious assault, and tampering with evidence.

At trial, Ms. Elliott's defense counsel presented a defense of another theory, seeking to establish that she acted only to protect the life of her sister that evening. On the witness stand, Ms. Elliott admitted she stabbed Ms. Johnson, but portrayed it as an accident:

> Q: * * * What happened when you reached in to pull these people apart?
>
> A: I accidently stabbed [Ms. Johnson].

2

> \* \* \*
>
> Q: \* \* \* And I'm going to ask you, why did you stab [Ms. Johnson] then?
>
> A: It was an accident.
>
> Q: It was an accident?
>
> A: Yes, sir.
>
> \* \* \*
>
> A: I was trying to save [Ms. Walker], and it was an accident that I swung and stabbed [Ms. Johnson] on accident. Yes, sir.
>
> The jury ultimately found Ms. Elliott guilty of murder and the two counts of felonious assault; the court sentenced her to 15 years to life in prison. From this conviction, Ms. Elliott now raises a single assignment of error, contending that she received ineffective assistance of counsel at trial because her counsel failed to request a jury instruction on the defense of accident.

Doc. 10, PageID 117–19; *State v. Elliott*, No. C-180294, 2019 WL 4231225, at \*1–2 (Ohio App. Sep. 6, 2019).

## II. PROCEDURAL HISTORY

After a lengthy procedural history in state court, Petitioner initiated the instant federal habeas corpus action on January 19, 2021, raising four grounds for relief. Docs. 1, 5. On May 15, 2023, the Magistrate Judge issued the R&R finding that Petitioner's grounds for relief are without merit, not cognizable, or procedurally defaulted and waived, and recommended that the Petition be denied with prejudice. Doc. 17. Petitioner issued her Objection to the R&R on July 28, 2023. Doc. 21. The R&R and Petitioner's Objection are both before the Court.

## III. STANDARD OF LAW

Title 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have been referred to them. Parties then have fourteen days to make, file, and serve specific written

objections to the report and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party files objections to a report and recommendation on a dispositive matter, a district judge must review it under the de novo standard. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). "[T]he district court need not provide de novo review where the objections are frivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (cleaned up). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantively similar).

"Like the filings of many *pro se* prisoners," objections to reports and recommendations are often "written in a stream of consciousness style that tries to throw as broad of a legal reach as possible by citing to legal principles that are not directly applicable or are only tangentially related to the merits of [a] case." *Jones v. City of Fairlawn*, No. 5:03-cv-1976, 2005 WL 3543970, at *1 (N.D. Ohio Dec. 28, 2005). When a prisoner litigant offers only general objections, it "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Boyd v. United States*, No. 1:16-cv-802, 2017 WL 680634, at *1 (S.D. Ohio Feb. 21, 2017) (citing *Howard* but noting "the objections of a petitioner appearing pro se will be construed liberally" (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007))). "[A] general objection to the entirety of a magistrate's report, without specifying a single issue of contention, fails to satisfy" this specificity requirement. *Howard*, 932 F.2d at 509.

IV.   LAW AND ANALYSIS

In her 179-page Objection, Petitioner has objected to the Magistrate Judge's recommendation to deny the Petition on one main ground. Petitioner argues that if the

4

definition of "accident" was given to the jury, it is beyond a reasonable doubt that the verdict in her case would have been different. Doc. 21, PageID 1095–98. This Objection correlates to ground one of her Petition, which argues that trial counsel failure to object to jury instructions and failing to inform the jury that the state had the burden of proving the victim's injury was not caused by an accident amounts to ineffective assistance of counsel. Doc. 17, PageID 1062 (citing Doc. 5, PageID 45; Doc. 12, PageID 215–18). The Court has reviewed the underlying state court record, examined the relevant case law, and considered Petitioner's Objection. The Court ultimately finds that her Objection lacks merit.[2]

The Magistrate Judge made her recommendation after summarizing the case's factual background and the state court procedural history. Doc. 17, PageID 1054–59. She examined the Petitioner's four grounds for relief (listed by Petitioner as grounds one, two, four, and five), under the Sixth and Fourteenth Amendments of the Constitution, and 28 U.S.C. § 2254(d), because Petitioner had raised these claims in her state court appeal and the state court denied each on the merits. Doc. 21, PageID 1059–1078. The Magistrate Judge determined that her four grounds for relief were without merit, not cognizable, or procedurally defaulted and waived. *Id.* at PageID 1078.

The Magistrate Judge correctly determined that Petitioner's ineffective assistance of counsel claim based on the failure to request a jury instruction on the defense of accident was without merit. Doc. 21, PageID 1067. As observed by the Ohio Court of Appeals in this matter, to establish ineffective assistance of counsel, petitioner must demonstrate both that (1)

---

[2] The Court notes that Petitioner seems to make two other objections concerning grounds two and four of her Petition. Doc 21, PageID 1167–68. However, the Petitioner merely attaches loads of case law without specifying what part of the R&R she objects to. *Id.* at PageID 1167–81. As such, the Court cannot glean a specific objection from Petitioner's filing concerning those two grounds and, thus, finds that these objections fail to meet the specificity requirement for a valid objection.

5

her trial attorney's conduct was constitutionally deficient; and (2) counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In determining the first prong, the Court must indulge a strong presumption that the challenged conduct fell within the wide range of reasonable professional assistance. *Id.* at 689. Under the second "prejudice" prong of the *Strickland* test, petitioner must demonstrate that a "reasonable probability" exists that, but for her counsel's errors, the outcome of the trial would have been different. *See id.* at 694.

During the Petitioner's trial, it was undisputed that she had a knife and stabbed the victim in the neck. Indeed, the prosecution introduced two video recordings of the fatal stabbing along with testimony of multiple eyewitnesses who acknowledged the event as it unfolded. Doc. 14-1, PageID 549–50, 633–34, 653–54, 730, 766. Based on this evidence and the Petitioner's own testimony that she swung at the victim with the knife in her hand (*Id.* at PageID 941–42, 950), the Magistrate Judge found that the Ohio Court of Appeals "reasonably concluded that trial counsel was not ineffective for failing to raise the defense of accident and instead defend on the affirmative defense-of another defense." Doc. 17, PageID 1065–66.

Like the Ohio Court of Appeals, the Magistrate Judge also reasoned that a defense of "accident" is not an excuse or justification for an act, but "constitutes a denial or negation of the culpable mental state of the charged offense." *Id.* at PageID 1066. And that a claim of defense of another, by contrast, "acknowledges that the defendant used force that caused harm to another person, but the circumstances justified the actions." *Id.*; see also State v. Wegner, 390 N.E. 2d 801, 803 (1979) ("[O]ne who intervenes to help a [another] stands in the shoes of the person whom he is aiding, and if the person aided is the one at fault, then the intervenor is not justified in his use of force and is guilty of an assault."). Petitioner takes issue

6

with the strategy employed by her counsel to present the "defense-of-another" defense rather than a defense of "accident." Doc. 21, PageID 1095–98. The facts of this case outline why her counsel's choice of defense was reasonable, and quite possibly may have been the only defense available under the circumstances.

In Petitioner's case, her defense counsel acknowledged that Petitioner stabbed the victim during the fight but argued that Petitioner did so to protect her sister. Doc. 17, PageID 1066. The defense presented evidence that the Petitioner's sister was outnumbered (*see* Doc. 14-1, PageID 573), was being attacked by a larger male (*id.* at PageID 569–70, 904–05), and argued that Petitioner had a reasonable basis to fear that her sister was facing serious physical harm if she did not intervene. *See id.* at PageID 571, 904–05, 941–42, 948–50. Given the evidence admitted at trial and Petitioner's own testimony that she acted to protect her sister, the Magistrate Judge found that Ohio Court of Appeals reasonably concluded that her defense counsel's decision to proceed with a defense-of-another defense was the result of a reasonable trial strategy. Doc. 17, PageID 1066.

This Court agrees. The Ohio Court of Appeals correctly found that Petitioner's ineffective-assistance-of-counsel claim was not objectively deficient. The decision to proceed with the defense-of-another defense rather than defense of accident is "tactical, and . . . such decisions are entitled to deference." *Walker v. Warden, Chillicothe Corr. Inst.*, No. 1:22-cv-249, 2024 WL 3622889, at *7 (S.D. Ohio Aug. 1, 2024). While Petitioner may have testified that she accidently stabbed the victim in the neck, her testimony was undermined by her testimony that she also acted to protect her sister. Consistent with Petitioner's testimony that it was an accident when she stabbed the victim, defense counsel argued that Petitioner did not knowingly intend to cause harm to the victim but instead intended to defend her sister. Doc.

7

14-1, PageID 497. Based on the entire record, including inconsistencies in her own testimony, the Court finds that Petitioner has failed to overcome the strong presumption that her defense attorney's conduct during trial fell within the range of reasonable professional assistance.

Accordingly, the Court finds that the Magistrate Judge correctly found that the Appellate Court did not err when it determined that Petitioner's trial counsel's failure to request a jury instruction on the defense of accident did not amount to ineffective assistance of counsel under *Strickland*. Because Petitioner has failed to demonstrate that the adjudication of her claim by the Ohio Court of Appeals was contrary to, or involved an unreasonable application of, Supreme Court precedent, Petitioner is not entitled to federal habeas relief based on ground one of the Petition. Petitioner's objections to the contrary do not withstand scrutiny.

## V. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Petitioner's Objection (Doc. 21), and **ADOPTS** the R&R (Doc. 17). The Court **DENIES** Petitioner's habeas petition (Doc. 5) **WITH PREJUDICE**.

With respect to any application by petitioner to proceed on appeal in forma pauperis, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting the R&R would not be taken in "good faith," and, therefore, **DENIES** Petitioner leave to appeal in forma pauperis upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Under Rule 11(a) of the Rules Governing 2254 Cases in the United States District Courts, the Court also "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court **DENIES** Walker a certificate of

appealability under 28 U.S.C. § 2253(c) as to all claims because reasonable jurists could not disagree with the Court's adjudication of Petitioner's habeas claims. *Kuck v. Robinson*, No. 19-3226, 2019 WL 2564578, at *1 (6th Cir. June 10, 2019).

The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

**IT IS SO ORDERED.**

Dated: August 12, 2024

Hon. Jeffery P. Hopkins
United States District Judge